**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4296

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YAKIM AMASIAH PAIGE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:20-cr-00012-BO-1)

Submitted:  May 21, 2024                                                         Decided:  July 12, 2024

Before HEYTENS and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Sharon Leigh Smith, UNTI & SMITH, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yakim Amasiah Paige pleaded guilty, pursuant to a written plea agreement, to possessing with intent to distribute 40 grams or more of a mixture and substance containing fentanyl and ANPP and aiding and abetting, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*]  The district court sentenced Paige to a total of 190 months' imprisonment, followed by five years' supervised release.  Paige's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court accurately calculated Paige's advisory Sentencing Guidelines range and whether a condition of supervised release contained in the written judgment is reasonable.  Paige did not file a pro se supplemental brief after being notified of his right to do so.  The Government has moved to dismiss the appeal as barred by the appeal waiver included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Paige has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within its scope.  *United States v. Boutcher*, 998 F.3d 603, 608

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new 15-year statutory maximum does not apply in this case, however, because Paige's offense was committed before the June 25, 2022, amendment to the statute.

2

(4th Cir. 2021). Our review of the record leads us to conclude that the appeal waiver is valid and enforceable as to all issues within its scope. We therefore grant in part the Government's motion to dismiss. In accordance with our review of the record pursuant to *Anders*, we further conclude that, despite several omissions during the district court's Fed. R. Crim. P. 11 plea colloquy, Paige's guilty plea was knowing and voluntary. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("[T]he existence of [an appeal] waiver does not bar our review of the validity of the guilty plea."); *see generally United States v. Kemp*, 88 F.4th 539, 544-45 (4th Cir. 2023).

Although not raised by *Anders* counsel, our review of the record in accordance with *Anders* identified a meritorious issue that falls outside the waiver's scope. A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures the defendant an opportunity to challenge unwarranted conditions before they are imposed, *id.* at 298. Here, the judgment contains numerous discretionary conditions of supervised release that the district court did not pronounce at sentencing, either directly or by incorporation. These unpronounced discretionary conditions include, but are not limited to, the warrantless search condition questioned in the *Anders* brief. The appropriate remedy for this error is to "vacate the entire sentence and remand for the district court to resentence the defendant." *Kemp*, 88 F.4th at 546.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal that would fall outside the waiver's scope. We thus affirm Paige's convictions and dismiss the appeal as to any issues falling within the scope of the appeal waiver, but we vacate his sentence and remand for resentencing. This court requires that counsel inform Paige, in writing, of the right to petition the Supreme Court of the United States for further review. If Paige requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paige.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*